UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KENNETH JARRELL WORKMAN,<br><br>Petitioner,<br><br>vs.<br><br>J.W. COX, IN HIS CAPACITY AS WARDEN OF YANKTON FEDERAL PRISON CAMP;<br><br>Respondent. | 4:20-CV-04197-LLP<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Pending before the court is a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 filed by petitioner Kenneth Jarrell Workman, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota. See Docket No. 1. In his petition, Mr. Workman admits he has not yet exhausted his administrative remedies provided by the Bureau of Prisons ("BOP"). Id. The court issued an order to show cause asking both parties to show why Mr. Workman's petition should not be dismissed for failure to exhaust his administrative remedies. See Docket No. 5. In response, the respondent filed a motion to dismiss for failure to exhaust administrative remedies. See Docket No. 12. Mr. Workman filed a response in opposition to respondent's motion in which he argues exhaustion should be excused in his case. See Docket No. 15.

This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## DISCUSSION

A § 2241 petitioner must exhaust administrative remedies before filing. Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009); United States v. Thompson, 297 Fed. App'x 561, 562 (8th Cir. 2008); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000). Exhaustion under § 2241 is not, however, a jurisdictional prerequisite. Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).

The exhaustion requirement may be waived when pursuit of administrative remedies would be futile. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993). When the denial of the inmate's request for relief was based on official agency policy, exhaustion has been held to be futile. Ward, 678 F.3d at 1045-46; Taylor v. U.S. Treasury Dep't, 127 F.3d 470, 477 (5th Cir. 1997). Where an inmate alleges the BOP's regulations themselves are unconstitutional, exhaustion of administrative remedies is excused. Totaro v. Warden Fort Dix FCI, 742 Fed. App'x 596, 598 (3d Cir. 2018); Gallegos-Hernandez v. United States, 688 F.3d 190, 194 (5th Cir. 2012); Woodall, 432 F.3d at 239 n.2.

Mr. Workman seeks immediate release from prison. He is currently serving a 188-month term of incarceration imposed for a conviction for

2

possession with intent to distribute a detectable amount of N-Benzylpiperazine within 1,000 feet of a school. <u>See</u> Docket No. 14 at p. 2, ¶ 3. Mr. Workman asserts that with the passage of the First Step Act ("FSA"), he has 365 days of "earned credits." Thus, he argues, his release date should have been November 30, 2020, if the BOP would have accurately calculated the credits due to him under the FSA. <u>See</u> Docket No. 1 at p. 6.

Respondent states Mr. Workman's projected release date after having completed a Residential Drug Abuse Program is May 27, 2022. <u>See</u> Docket No. 14 at p. 2, ¶ 3. Respondent disagrees with Mr. Workman's other calculations involving the FSA.

Mr. Workman concedes that he has not exhausted his administrative remedies, but asserts his petition presents a pure question of law so that exhaustion should not be required. <u>See</u> Docket No. 15. Mr. Workman relies on a district court decision from the District of New Jersey in support of his argument. <u>Goodman v. Ortiz</u>, Civ. No. 25-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020).

Respondent argues that exhaustion should be required of Mr. Workman. Firstly, respondent disputes Mr. Workman's assertion that he is entitled to 365 days' earned credit under the FSA. Respondent asserts that only credits earned by an inmate after the passage date of the FSA, December 21, 2018, can be counted. <u>See</u> 18 U.S.C. § 3632(d)(4)(B). Some of the credits Mr. Workman is claiming as part of his 365 days of credits were earned pre-FSA and cannot therefore be the basis of earned credits under the FSA.

3

Therefore, respondent points out that even if Mr. Workman's petition were granted, he would not be entitled to immediate release.  Under these circumstances, there is no exigency requiring the court to circumvent the normal administrative exhaustion process.

In addition, respondent asserts that not every program or activity will result in earned credits under the FSA.  See 18 U.S.C. § 3635(3).  Even if a program theoretically qualifies for potential FSA earned credits, an inmate must successfully complete the program in order to be awarded credits, and those credits can be diminished if an inmate commits disciplinary infractions.  See 18 U.S.C. § 3632(e).  Finally, inmates serving a sentence for certain enumerated crimes are ineligible to earn credits under the FSA.  See 18 U.S.C. § 3632(d)(4)(D).

Given the FSA requirements, respondent asserts Mr. Workman's petition does *not* present a pure question of law.  Rather, there are a number of factual questions that must be answered in determining how much, if any, of the asserted 200 days of earned credit should indeed be credited to Mr. Workman under the FSA.  Were the programs or activities he is claiming qualified for FSA earned credit?  Did he successfully complete the programs?  Has he had any disciplinary infractions that would diminish his credits?

The Goodman case cited by Mr. Workman is inapposite to the facts of his case.  In Goodman, the petitioner asserted—*and the respondent did not dispute*—that all of the earned credits claimed by petitioner had been earned after passage of the FSA, were properly counted toward FSA earned credits,

4

and that petitioner had successfully completed the programs.  Goodman, 2020 WL 5015613, at *2.  The BOP resisted the petition on the grounds that Congress had granted it until January 15, 2022, to phase in the FSA program. Id. at *1.  BOP accordingly argued that, even though the petitioner was entitled to the earned credits, and even though crediting petitioner with the earned FSA credits would result in his immediate release, the BOP nevertheless did not have to release him until January 15, 2022.  Id. at *1, 3-6.  The court held that this issue presented a narrow question of statutory interpretation which was an exception to the rule of exhaustion.  Id. at *3.

The court agrees with the Goodman decision insofar as it went.  That court held that merely because Congress gave the BOP until January 15, 2022, to "phase in" the FSA, this did not mean that in every case the BOP could deny FSA credits and thereby deny earlier release to all qualifying inmates until that magic date.  Id. at *3-6.  The court held Congress did not deem January 15, 2022, to be the "effective date" of the FSA, but rather the latest date by which the BOP was required to fully implement the FSA.  Id.  In addition, Congress directed that inmates closest to their statutory release date should be given priority in participation in FSA-qualified programming so that they would be given first opportunity to earn FSA credits and secure their earlier release.  Id. For all these reasons, the Goodman court granted the petitioner relief.  Id.

But Mr. Workman's case is not like Goodman.  Respondent does *not* agree that he is entitled to all the credits he is claiming.  Respondent specifically asserts that many of the credits Mr. Workman is claiming are

ineligible for FSA earned credits because they were from programs or activities completed by Mr. Workman prior to the enactment of the FSA.  Whether Mr. Workman successfully completed his post-FSA programs or activities is also an unanswered factual question on this record.  Finally, even if Mr. Workman were credited with all his post-FSA programming credits, he would not be eligible for immediate release, so an order granting habeas relief would not be warranted at present.  Any date the court arrived at today could potentially change if Mr. Workman committed a disciplinary infraction after the date of this court's opinion and his FSA credits were accordingly reduced.

Mr. Workman makes two other arguments in favor of excusing his failure to exhaust.  He argues that exhaustion would be futile.  However, the basis for this argument by Mr. Workman is that he should already have been released on November 30, 2020.  As discussed above, the factual predicate for that argument is disputed by respondent.

Mr. Workman also argues exhaustion should be excused in his case because the BOP's position on earned credits under the FSA is "crystal clear"— that is, he asserts the BOP will absolutely not grant anyone early release pursuant to the FSA until after January 15, 2022.  This was the position taken by the BOP in the Goodman case as discussed above.  However, respondent in Mr. Workman's case has *not* taken that position.  Accordingly, the court concludes requiring Mr. Workman to exhaust his administrative remedies would not be futile.

The court agrees with respondent.  This case presents a number of factual disputes best served by creating a complete administrative record.  That can only be done if Mr. Workman is required to finish out the administrative exhaustion process.  The court concludes he should be required to do so.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 12] and dismissing Mr. Workman's petition *without* prejudice so that he can exhaust his administrative remedies.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 13th day of January, 2021.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge